The Chancellor.
From a careful examination of the pleadings and proofs, I am of opinion that the complainants commenced and continued their cutting and coaling, and put up the cabins which they erected on the tract, under an agreement for the purchase of it, at a stipulated price to he paid by appropriating a certain portion of the proceeds of the sale of the coal, agreed *191 upon between the parties, for that purpose. Atid 1 think that such portion was to be paid on the receipt by the complainants of the proceeds of the coal sold hy them, deducting the freight the first year, and after that without deducting the freight. The deed was to be delivered when the whole purchase money was paid. Beyond this there is much uncertainty whether or not there were stipulations as to how much the payments should amount to within defined periods.
That the stipulated portions of the proceeds of the sale of coal were not paid, or not paid as soon as received, might not be an insuperable objection to decreeing performance. But from the peculiar nature of the agreement, and the consideration that if the complainants should ho put into possession of the property for the purpose of enabling them to go on and fulfil the contract, if might subject the defendants to the loss of the timber on their property, or a considerable portion of it, hy the failure of the complainants to apply the stipulated portion of the proceeds, i think it would not be an exercise of sound discretion for the court to make a decree for the specific performance of what it might conclude, but with no certainty, was the agreement in this case.
On the other hand, I am of opinion that in this case there should be a reference to a master to state an account between the parties, under the proper directions, for the purpose of ascertaining whether any, and how much compensation should be made to the complainants, in view of what they had done and paid when they were stopped in their operations. .1 have examined the authorities on this question of compensation; and have no doubt that, in a case like this, it is within the jurisdiction of the court, and its duty, to seo that what is just between the parties, under the circumstances, be done.
Order accordingly.